UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAVONTE RAMSEY,
a/k/a JOVONTE RAMSEY,
    Plaintiff,

v.                                            Case No. 3:25cv202/MW/ZCB

CAPTAIN HUGHES, et al.,
    Defendants.
_____/

### DEFENDANT HAMM'S AND ELLIS' MOTION DISMISS

**Louis Hamm** and **Dallas Ellis** ("Defendants"), pursuant to Fed. R. Civ. P. 41(b), move this Court to dismiss Plaintiff's Complaint (Doc. 1) for failure to fully disclose his prior litigation history. Additionally, Defendants move to dismiss Plaintiff's requests for declaratory and injunctive relief.

BACKGROUND

On July 14, 2025, Defendants Patrick-Hughes and Gonzales filed their Motion to Dismiss (Doc. 23). In their Motion, they argue Plaintiff's Complaint should be dismissed for his failure to fully disclose his litigation history. (*Id.* at 2-6). They also argued that Plaintiff's requests for declaratory and injunctive relief be dismissed. *Id.* at 7-9.

Defendnats Hamm and Ellis reassert the arguments made by Defendants Patrick-Hughes and Gonzales herein.

1

## ABBREVIATED ALLEGATIONS

Plaintiff alleges that, on April 26, 2024, Captain Hughes ordered Plaintiff to remove his towel covering his window (Doc. 1 at 6 ¶1). Plaintiff responded that he was defecating and recovered his window. *Id.* Hughes returned with a cell extraction team and commenced a cell extraction on Plaintiff. *Id.* ¶ 2. Defendants are members of the cell extraction team.

Plaintiff claims Ellis used excessive force by kicking him in the back of his head and standing on his head while Plaintiff was on the floor, causing his tooth to break off inside his lip. (Doc. 1 at 8). Plaintiff also claims excessive force was used by Hamm and Gonzalez, stating that, simultaneous to Ellis' purported use of force, he was being kicked in the side of his face by Hamm and punched and kneed in the face by Gonzalez. *Id.* Lastly, Plaintiff asserts that Hughes violated the Eighth Amendment by ordering an unlawful excessive use of force on the plaintiff and for failure to intervene against the use of force by Ellis, Hamm, and Gonzalez. (Doc. 1 at 8).

## MEMORANDUM OF LAW

**I.      Plaintiff Failed to Fully Disclose His Prior Litigation History**

Plaintiff failed to provide full disclosure of the required information regarding his prior litigation history as required by Section VIII of the Civil Rights Complaint Form for Pro Se Prisoner Litigants.

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts.").

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (dismissing action without prejudice as sanction for *pro se* prisoner's lying under penalty of perjury about the existence of a prior lawsuit), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . . .");

3

*Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (same); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012).

Plaintiff provided answers to Section VIII of the civil rights complaint form which requires him to disclose his litigation history. (Doc. 1 at 9-13). Question VIII(A) of the complaint form asks, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" (*Id.* at 10). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), Plaintiff marked "No." *Id.*

Question VIII(B) of the complaint form asks, "Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issue involved in this case?" (Doc. 1 at 11). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Plaintiff marked "No." *Id.*

Question VIII(C) of the complaint form asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal ***in state or federal court*** either challenging your conviction or relating to the conditions of your confinement?" Doc. 1 at 11. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), Plaintiff marked "Yes" and disclosed the following single federal case:

- *Javonte Ramsey v. Secretary Dixon* (M.D. Fla.; 3:24-cv-01041-MMH-PDB; Judge Patricia D. Barksdale; 10/2024; "From appeal 3.850 from 4th Jud. Duval County FL."

Doc. 1 at 12-13. Plaintiff did not disclose any additional cases.

At the end of the civil rights complaint form, Plaintiff signed and printed his name and provided the address of the institution he was residing at at the time of submitting his complaint Doc. 1 at 14. Plaintiff has, in effect, stated that at the time he filed his complaint in this case, he had not filed any other lawsuit or appeal in federal or state court either challenging his conviction or relating to the conditions of his confinement.

Although Plaintiff is required to disclose his entire litigation history, he failed to disclose his state court case history. Upon review, Plaintiff has not disclosed, at least, four state court cases, all of which appear to stem from post-conviction motions or appeals. Two of which were district court of appeal cases and two were appeals of those decisions to the Florida Supreme Court. *See* Doc. 23-1. Plaintiff failed to disclose five, if his referenced appeal out of the Fourth Judicial Circuit is also counted.

Because Plaintiff has not complied with fully disclosing his litigation history as required by this Court, pursuant to Fed. R. Civ. P. 41(b), this case should be dismissed. *See Jackson v. Fla. Dep't of Corrs.*, 491 F. App'x 129, 132 (11th Cir.

5

2012) (affirming dismissal without prejudice when Plaintiff failed to truthfully disclose his litigation history by completely omitting one case and by failing to disclose another case even though it was cited elsewhere in the complaint form). *See McNair v. Johnson*, No. 24-10153, 2025 WL 1923126, at *5 (11th Cir. July 14, 2025) (confirms a district court's inherent authority to manage its docket and sanction Plaintiff for omitting cases [even if not relevant to the merits of his claim] from his litigation history by dismissing his suit without prejudice.). (Doc. 26-1).

Mistakes are not an excuse for failing to disclose. *See e.g., Lebarr v. Fla. Dept' of Corr.*, 5:21cv233-TKW-MJF, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) (rejecting argument that a failure to disclose was a "simple mistake" because even if true, "a sanction is warranted to deter Plaintiff and others from carelessly filling out the civil rights complaint form, and under the circumstances, dismissal without prejudice is the appropriate sanction") (citing cases). *See Jenkins v. Hutcheson*, 708 F.App'x 647, 648–49 (11th Cir. 2018) (affirming district court's sanction of dismissal because the plaintiff's failure to disclose prior lawsuits, even though unintentional, frustrated district court's ability to perform its screening function under the PLRA).

## II. Plaintiff is Not Entitled to Declaratory Relief

The Declaratory Judgment Act provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28

U.S.C. § 2201. A district court's ability to grant relief under the Act is permissive, and while the Declaratory Judgment Act "gives the federal courts competence to make a declaration of rights[,] it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citation omitted). The Court has "exceptionally broad discretion in deciding whether to issue a declaratory judgment[.]" *Otwell v. Ala. Power Co.*, 747 F.3d 1275, 1280 (11th Cir. 2014) (citation omitted). "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

To the extent that Plaintiff is seeking declaratory relief against Defendant(s) based on past conduct, he cannot seek such relief. Plaintiff may not seek declaratory relief to adjudicate the legality of past conduct. *See Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999) ("a plaintiff may not use the [*Ex parte Young*] doctrine to adjudicate the legality of past conduct"). Citing *Ex parte Young*, 209 28 S. Ct 441, 52 L. Ed. 714 (1908); *Jones v. Buckner*, 963 F. Supp. 2d 1267, 1283 (N.D. Ala. 2013) ("Although *Ex parte Young* allows declaratory relief, it does not apply when the declaratory relief pertains only to past violations of federal law.") (citing *Green v. Mansour*, 474 U.S. 64, 73 (1985)).

Here, Plaintiff requests declaratory relief that Defendant(s) violated the "acts and omission described herein violates his rights under the Constitution and laws of the United States." [sic] (Doc. 1 at 8 §VI). Specifically, in relation to past conduct that allegedly occurred on April 26, 2024, where Defendant(s) deprived Plaintiff of various rights and injured him. *See generally* Doc. 1. For the reasons previously set forth, Plaintiff is not entitled to declaratory relief, and thus such claims should be dismissed.

### III. Plaintiff is Not Entitled to Injunctive Relief

In order to obtain permanent injunctive relief, the plaintiff must show (1) that he has prevailed in establishing the violation of the right asserted in his complaint; (2) there is no adequate remedy at law for the violation of this right; and (3) irreparable harm will result if the Court does not order injunctive relief. *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1128 (11th Cir. 2005) (citations omitted). Regarding "irreparable harm," the injury must not be remote or speculative, but actual and imminent. *Northeastern Fla. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (citing *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir. 1989)). Further, the Prison Litigation Reform Act ("PLRA") requires that any prospective relief be "narrowly drawn" by the court, for the court to make certain findings before issuing any injunctive relief, and to go no further than, be

no broader than, and be the least intrusive means necessary to protect the federal right. *Nichols v. Hopper*, 173 F.3d 820, 824 (11th Cir. 1999) (citing 18 U.S.C. §§ 3626(a)(1)(A), (b)(2), (b)(3)). A preliminary injunction should not be granted unless the movant "clearly carries the burden of persuasion" on *all four* prerequisites, which is always upon the plaintiff. *Siegel v. LePore*, 234 F. 3d 1163, 1176 (11th Cir. 2000).

Plaintiff seeks a permanent injunction ordering A) "Defendants in their official capacity, to remove themselves from cell extraction," B) "an injunction ordering the video camera to be clear to see the whole incident scene without camera being black from seeing the inmates during cell extractions," and C) "a injunction to fix Plaintiff's front tooth and right ear." Doc. 1 at 8 § VI.

First, Plaintiff has not prevailed in establishing the violation of the right asserted in his complaint. Second, Plaintiff also requests monetary damages in addition to injunctive relief. Plaintiff's requests for monetary relief demonstrate that he does not face "irreparable" harm, and he has an adequate remedy at law in the form of damages should he prevail in this case. Third, the unavailability of an adequate remedy at law is essentially ap prerequisite to a finding of irreparable injury. *United States v. Jefferson Cnty.*, 720 F. 2d 1511, 1519 (11th Cir. 1983) (finding "[t]he possibility that adequate compensatory or other corrective relief

will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm").

Additionally, regardless of official or individual capacity, none of the Defendants have the authority or ability to provide the specific requested relief of "fix[ing] Plaintiff's front tooth and right ear." Doc. 1 at 8 § VI.

For the previously stated reasons, Plaintiff's requests for any of the permanent injunctions should be dismissed.

## CONCLUSION

**WHEREFORE**, Defendants request that this Court dismiss Plaintiff's Complaint. (Doc. 1). In the alternative, Defendants request Plaintiff's request for declaratory and injunctive relief be dismissed.

Respectfully submitted,

**JAMES UTHMEIER**
ATTORNEY GENERAL

*/s/ Brian Fallon*
Brian R. Flynn-Fallon
Assistant Attorney General
Florida Bar No.: 1044316
Office of the Attorney General
Civil Litigation – North Bureau
PL-01, The Capitol
Tallahassee, Florida 32399
Telephone: (850) 414-3300
Brian.Fallon@myfloridalegal.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendants' Motion to Dismiss* has been electronically filed through the CM/ECF system on September 8, 2025, and will be furnished by U.S. mail on September 9, 2025, to: Jovonte T. Ramsey, DC# J56659, Florida State Prison, Post Office Box 800 Raiford, Florida 32083.

*/s/ Brian Fallon*
Brian R. Flynn-Fallon
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

**I HEREBY CERTIFY** that the above Motion and Supporting Memoranda contains 2,120 words, which does not exceed the 8,000 total word maximum created by N.D. Fla. Loc. R. 7.1(F).

*/s/ Brian Fallon*
Brian R. Flynn-Fallon
Assistant Attorney General