United States District Court of the
Northern District of Florida
Pensacola Division

Legal Mail
Provided to Florida State Prison on
11/14/25 for mailing by ___

Javonte Ramsey
    Plaintiff,

Case No: 3:25-cv-202/MW/ZCB

v.

Captain Hughes et al
    Defendants.
_____/

## Motion to Respond

Comes now, Plaintiff (Javonte Ramsey) Pro-Se moves to file a response to Defendants second Motion to Dismiss in accordance with Federal rules and procedures.

### I. Background

On April 26th 2024 while conducting his rounds Captain Hughes noticed a towel hanging from the door front of cell B2117 which had housed the Plaintiff. Plaintiff was asked to remove the towel from the window and the Plaintiff responded, "Im defecating!" Captain Hughes asked the Plaintiff again to remove the towel from the window, in which the Plaintiff complied by snatching the towel down aggressively while stating, "Dang man, Im defecating." Defendant Hughes being upset due to Plaintiff's aggressive reaction replied, "now Im about to gas your lil behind." Plaintiff responded, "I can't get gassed" and then placed the towel back up to finish defecating. Defendant Hughes walk away saying, "I have something for your butt." Minutes later, Mrs. Powers (a Mental Health Counsellor) came to cell B2117 to speak with the Plaintiff then cleared it for Plaintiff to have force utilized on him. Defendant Hughes returned with the cell extraction team and marched up to cell B2117 which housed the Plaintiff alone. The Plaintiff removed the towel from the door and told Captain Hughes that he was ready to comply with orders given because he wanted to avoid the cell extraction team from jumping on his 130 lbs frame. Defendant

-1-

Hughes ignored the Plaintiff's plea and ordered the extraction team in on the Plaintiff and at that time he noticed Defendant Hamm, Ellis and Gonzales was apart of the extraction team. Plaintiff wrestled for position not to be injured nor to injure anybody. The resisting ceased and Plaintiff's leg was grabbed by Defendant Ellis as Defendant Gonzales embraced Plaintiff's torso area and Plaintiff was taken to the floor without injury. Once on the floor he was unexpectedly kneed in his face several times by Defendant Gonzales as he laid pinned down by Defendant Gonzales, he was, choked, kicked, punched, stomped by Defendants Ellis and Hamm as Captain Hughes stood and watched without attempting to stop the unlawful beating in which resulted in the Plaintiff's tooth being broken and him to suffer hearing loss in his right ear which constituted a violation of his 8th Amendment Rights.

## Memorandum of Law

1. Defendants in the instant case argues that Plaintiff failed to fully disclose his prior litigation history therefore Plaintiff filed an amended complaint with the errors corrected.

   An Amended complaint raising claims for which the statue of limitations has expired can survive a motion to dismiss if the claims relate back to timely filed initial pleadings. Relation back is allowed where the claims from the Amended pleading arise out of the same conduct, transaction, or occurrence as in the original timely filed complaint see Armiger 48 so.3d at 870, Fabbiano V. Demings, 91 So. 3d 893, Flores, 35 So.3d at 148, and Kiehl V. Brown, 546 So.2d 18.

   Plaintiff in this instant case had recently Amended his complaint in accordance with rule 1.190(c) and the Defendants motion to dismiss being pre-mature, shall be denied.

   Due to Plaintiff recently filing an Amended Complaint in accordance with rule 1.190(c) and the Defendant's motion to dismiss being premature, the Defendants motion to dismiss shall be Denied.

## Argument #2

1. Defendants in the instant case state that the Plaintiff is not

entitled to Declaratory relief and cited the Ex Parte Young's case ("A Plaintiff may not use the [Ex Parte Young] Doctrine to adjudicate the legality of Past conduct").

To demonstrate a violation of a prisoner's 8th Amendment right to be Protected A Plaintiff must produce sufficient evidence of (1) A substantial risk of serious harm (2) The Defendant's Deliberate Indifference to that risk and (3) Conclusion; Hale v. Tallahassee County, 50 F.3d 1579, 1582 (11th Cir. 1995) The first element of Substantial risk of harm is evaluated using an Objective Standard Brooks v. Warden 800 F.3d 1295, 1301 (11th Cir. 2015) There must be a strong likelihood "of injury rather than mere possibility."

As was stated in my complaint, I was beaten excessively by Defendants Ellis, Gonzales, and Hamm. As I layed pinned to the floor by Gonzales, Captain Hughes stood there and watched the unlawful beating without attempting to stop it, in which resulted in the Plaintiff's tooth being broken and him to suffer hearing loss in his right ear.

Due to Captain Hughes watching the unlawful beating without attempting to stop it amounts to a deliberate Indifference to an unreasonable risk of serious harm, in violation of the 8th Amendment. For this reason, his motion to dismiss shall be Denied.

### Argument #3

Defendants in the Instant Case states, Plaintiff is not entitled to Injunctive relief.

In Order for Plaintiff to be entitled to Injunctive relief he must show: (1) A substantial likelihood of success on the merits; (2) the order is necessary to prevent irreparable harm/injury. (3) the threatened injury outweighs the harm that the order would cause to the nonmovant; and (4) the order is not adverse to public interest. DeYoung v. Owens 646 F.3d 1319, 1324 (11th Cir. 2011). The injury must be neither remote nor speculative but actual and imminent.

Plaintiff was beaten excessively by Defendants as Captain Hughes stood and watched without attempting to stop the unlawful beating in which resulted in the Plaintiff's tooth being broken and him to suffer hearing loss in his right ear. Unlike in Siegel, 234 F.3d at 1176 the

3

Plaintiff's injuries is enough to establish the "irreparable injury" requirement.

For the reason(s) listed and the fact that Plaintiff is still at a serious risk of harm being that he's still on Close management 1 and he's still a DOC's Inmate and the fact that he suffers irreparable injury the Defendants motion to Dismiss shall be Denied.

Respectfully Submitted,
/s/ Vonte Ramsey #J56659
Florida State Prison
P.O. Box 800
Raiford, Fl. 32083

### Certificate of Service

I hereby certify that a true and correct copy of this "Motion to Respond" has been furnished by regular U.S. mail to: United States Clerk's Office 1 North Palafox Street Pensacola, Fl. 32502 and Brian Fallon office of the Attorney General Civil Litigation Division PL-01, The Capitol Tallahassee Fl. 32399 by placing in the hands of a Prison official for mailing on this ____ day of November 2025.

/s/ Vonte Ramsey #J56659
Florida State Prison
P.O. Box 800
Raiford, Fla. 32083

4

Javonte Ramsey #J56659
Florida State Prison
P.O. Box 800
Raiford, FL. 32083

**LEGAL MAIL**

Mailed From A State Correctional Institution




ZIP 32083
02 4W
0000385900 NOV. 17. 2025

United States Clerk's Office
1 North Palafox St.
Pensacola, Fl. 32502

NOV 1 9 2025

3250235665 C003

Legal Mail
Provided to Florida State Prison on
11/19/25 for mailing by J.R.