UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAVONTE' RAMSEY
a/k/a JOVONTE RAMSEY,
    Plaintiff,

v.                                              Case No. 3:25cv202/MW/ZCB

CAPTAIN HUGHES, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is a prisoner of the Florida Department of Corrections (FDOC). He is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. (Docs. 4, 33). Defendants have filed motions to dismiss the amended complaint under Fed. R. Civ. P. R. 41(b) as a sanction for Plaintiff's failure to fully disclose his prior litigation history. (Doc. 40 at 3-9). Defendants have alternatively moved to dismiss Plaintiff's requests for declaratory and injunctive relief. (*Id.* at 9-13). Plaintiff has responded in opposition. (Doc. 45). For the reasons below, the requests for declaratory and injunctive relief should be dismissed but dismissal of the entire action is unwarranted.

1

## I.  Background

Plaintiff's amended complaint names four FDOC correctional officers as Defendants: Captain Hughes, Officer Ellis, Officer Gonzalez, and Officer Hamm. (Doc. 33 at 1-4).[1] Plaintiff alleges Defendants Ellis, Gonzalez, and Hamm used excessive force on April 26, 2024, and Defendant Hughes failed to intervene. (*Id.* at 6-7). Plaintiff claims that Defendants' conduct violated the Eighth Amendment. (*Id.* at 8). He seeks declaratory and injunctive relief, as well as monetary damages. (*Id.*).

Defendants seek dismissal of the amended complaint under Rule 41(b) without prejudice for Plaintiff's failure to fully disclose his litigation history. (Doc. 40 at 3-9). Defendants alternatively seek dismissal of Plaintiff's requests for declaratory and injunctive relief because such relief is unavailable. (*Id.* at 9-13). Plaintiff opposes both arguments. (Doc. 45).

---

[1] The Court refers to the page numbers automatically assigned by the Court's electronic filing system.

## II. Discussion

### A. Dismissal of Plaintiff's amended complaint is not warranted for his alleged failure to accurately disclose his litigation history on the Court's complaint form.

The Federal Rules of Civil Procedure authorize courts to dismiss an action if a plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b). The Local Rules for the Northern District of Florida require *pro se* prisoners in civil rights cases to file such cases using the Court-approved complaint form. *See* N.D. Fla. Loc. R. 5.7(A). The complaint form requires the disclosure of a prisoner's litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has held that a prisoner's case may be dismissed without prejudice for failing to accurately disclose litigation history on the complaint form. *See McNair v. Johnson*, 143 F.4th 1301, 1307-08 (11th Cir. 2025).[2]

---

[2] There are a lot of unpublished Eleventh Circuit cases that say the same thing. *See, e.g.*, *Allen v. Santiago*, No. 22-11946, 2023 WL 5745494, at *1 (11th Cir. Sept. 6, 2023) (affirming dismissal of *pro se* plaintiff's case because he failed to disclose all of his relevant prior litigation); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (stating that "[a] plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant[s] dismissal"); *Jones v. Szalai*, 778 F. App'x 847, 848 (11th Cir. 2019) (affirming dismissal of *pro se* plaintiff's case as an appropriate

Here, the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal courts. (Doc. 33 at 9-12). As relevant here, Question C of the Prior Litigation section of the complaint form asked Plaintiff if he had "filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" (*Id.* at 11). Plaintiff answered "Yes" in response to Question C and disclosed one federal habeas case: *Ramsey v. Secretary*, No. 3:24-cv-01041-MMH-PBD (M.D. Fla.). (*Id.* at 12).

According to Defendants, Plaintiff did not disclose a state court appeal of a postconviction motion that originated in his state criminal case, Appeal No. 5D23-0472. (Doc. 40 at 6-7). Defendants argue Plaintiff was required to disclose that state court appeal in his answer to Question C, but he failed to do so. (*Id.* at 5-7).

---

sanction for plaintiff's failing to disclose a prior case on the complaint form); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case because he misrepresented the number of cases he had previously filed in the district court); *Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case after he failed to disclose a habeas action because the habeas action fell "squarely within the complaint form's disclosure requirements").

4

The Court disagrees with Defendants for two reasons. First, Question C of the complaint form on which Plaintiff filed his amended complaint did not require Plaintiff to disclose cases filed in state court; instead, it required disclosure of only federal lawsuits. (Doc. 33 at 11).[3] Second, even if Plaintiff was required to disclose the state appeal identified by Defendants, Plaintiff sufficiently disclosed that appeal in his answer to Question C. Plaintiff identified a state court appeal stemming from his criminal case that reached final disposition on October 9, 2023. (*Id.* at 11-12). According to Defendants' exhibits, Appeal No. 5D23-0472 (the case he allegedly failed to disclose) reached final disposition on October 6, 2023 and was docketed in the lower court on October 6, 2023 and October 9, 2023. (Docs. 40-1, 40-2). Plaintiff's

---

[3] Plaintiff's amended complaint was filed on a document that is a combination of two forms—the first several pages of the document were from the Court's current form (revised in June of 2022), while the remaining pages of the document were from a prior form that is no longer used by the Court (the December 2016 form). That is significant here because the prior litigation section of the December 2016 form (that was used by Plaintiff here) did not require disclosure of both state and federal cases. The Court revised the form in June 2022 to require disclosure of both state and federal lawsuits and appeals that either challenge the plaintiff's conviction or relate to the plaintiff's conditions of his confinement. (Doc. 1 at 11).

description of the state appeal in trial court case as reaching disposition on October 9, 2023 was sufficient to disclose this state appeal under the circumstances. (Doc. 33 at 12).[4] Accordingly, the Court does not believe dismissal is warranted for failure to disclose litigation history.

> **B. Dismissal of Plaintiff's requests for declaratory and injunctive relief is warranted because they are unavailable as a matter of law.**

Next, Defendants argue that Plaintiff's requests for declaratory and injunctive relief should be dismissed. (Doc. 40 at 9-13). They argue such relief is unavailable as a matter of law because Plaintiff's requests are based purely on past conduct, and he does not allege he faces irreparable harm if such relief is not granted. (*Id.*).

A court only may issue a declaratory judgment only in a case of "actual controversy." 28 U.S.C. § 2201. This means a plaintiff must

---

[4] Defendants assert an additional reason for dismissal is the fact that Plaintiff failed to disclose several state criminal appeals in his initial complaint, even though he disclosed them in his amended complaint. (Doc. 40 at 7-9). The Court rejects that argument for three reasons. First, Plaintiff had the right to amend his complaint under Rule 15(a)(1). Second, his amended complaint replaced his initial complaint. And third, his amended complaint sufficiently disclosed his litigation history (as explained above).

allege facts demonstrating that the harm caused by the defendants is ongoing or will be repeated in the future. *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985). A declaration that only past conduct violated a plaintiff's constitutional rights would be "nothing more than a gratuitous comment without any force or effect." *Id.* (cleaned up).

A plaintiff seeking injunctive relief must allege "a real and immediate—as opposed to a merely hypothetical or conjectural—threat of future injury." *Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014). This is because injunctions are aimed at preventing future wrongdoing, as opposed to remedying past wrongs. *Id.*

Here, Plaintiff's requests for declaratory and injunctive relief are based on Defendants' past conduct—their use of force and failure to intervene on April 26, 2024 at Santa Rosa C.I. Plaintiff was not housed at Santa Rosa C.I. when he filed this § 1983 action; instead, he was housed at Florida State Prison, which is where he remains. (Doc. 1 at 1, 14-15; Doc. 45). Plaintiff does not allege any Defendant is employed at Florida State Prison or that he will soon be transferred back to Santa Rosa C.I. Although Plaintiff alleges he "is still at a risk of serious harm"

7

because he is still an FDOC inmate and on close management custody status (Doc. 45 at 3-4), this allegation is not sufficient to show a "substantial continuing controversy between the parties" that creates a "definite, rather than speculative threat of future injury." *Emory*, 756 F.2d at 1552 (citations omitted). While it is possible Plaintiff may once again be incarcerated at a prison where one of the Defendants works, such speculation is insufficient to establish a basis for injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (explaining that speculation is insufficient to establish the existence of a present, live controversy required for injunctive relief).

For these reasons, Plaintiff's requests for declaratory and injunctive relief should be dismissed. *See Thorpe v. Dumas*, 788 F. App'x 644, 649 (11th Cir. 2019) (affirming dismissal of plaintiff's claims for declaratory relief where plaintiff was attempting to adjudicate defendants' past conduct and did not claim any ongoing violation of his constitutional rights); *see also Holt v. Crist*, 233 F. App'x 900, 903-04 (11th Cir. 2007) (affirming dismissal of plaintiff's claims for declaratory and injunctive relief where plaintiff's factual allegations related to past

8

conduct, and he made no allegation of a continuing injury or a showing of a substantial likelihood of irreparable injury which was neither remote nor speculative but actual and imminent).

Accordingly, it is respectfully **RECOMMENDED** that:

1. Defendants' motion to dismiss (Doc. 40) be **GRANTED only to the extent that** Plaintiff's requests for declaratory and injunctive relief be **DISMISSED**. Defendants' motion be **DENIED** in all other respects.

2. This case be recommitted to the magistrate judge for further proceedings on Plaintiff's Eighth Amendment claims for monetary damages against Defendants.

At Pensacola, Florida, this 2nd day of December 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained

9

in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.