UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAVONTE' RAMSEY,
Plaintiff,

v. Case No. 3:25-cv-202-MW-ZCB

CAPTAIN HUGHES, et al.,
Defendants.
_________________________________/

**REPORT AND RECOMMENDATION**

This prisoner civil rights case is before the Court on Plaintiff's motion for a preliminary injunction. (Doc. 142). For the reasons below, Plaintiff's motion should be denied.

First, Plaintiff's motion lacks merit because he seeks an injunction against people who are not named as Defendants in this action. The defendants named in the complaint are Captain Hughes, Officer Gonzalez, Officer Ellis, and Officer Hamm from Santa Rosa Correctional Institution. (Doc. 33 at 2-4). The individuals named in Plaintiff's motion for a preliminary injunction are Mrs. Gibson, Captain Burrow, Ms. Coxe, Officer Johnson, Sergeant Cederlof, "other nurses," and the "legal mail lady." (Doc. 142 at 2-3). None of these individuals is a party to this action. Thus, the Court may not enter an injunction against them. *See*

*E.A. Renfroe & Co., Inc. v. Moran*, 338 F. App'x 836, 838-39 (11th Cir. 2009) ("Courts of equity have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it."); *see also Jackson v. Baisden*, No. 21-13004, 2022 WL 610314, at *1 (11th Cir. 2022) (holding the district court lacked subject matter jurisdiction to grant an injunction against a non-party).

Second, Plaintiff's motion is based on events that are not closely related to the matters set forth in his complaint. The purpose of preliminary injunctive relief is to "preserve the status quo" between the parties and prevent irreparable injury until the merits of the underlying lawsuit can be resolved. *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989). This means that "the relief sought in the motion must be closely related to the conduct complained of in the actual complaint." *Garrison v. Nuzum*, 2024 WL 5273268, at *1 (M.D. Fla. June 27, 2024) (cleaned up and collecting cases).

Here, the allegations in Plaintiff's motion reference a lost or stolen hearing aid, legal mail delivery, confinement, and an alleged battery. (Doc. 142 at 2). Further, in his motion, Plaintiff complains of conduct that occurred from August 2025 to August 2026. (*Id.*). In contrast,

Plaintiff's complaint involves an excessive force claim and failure-to-intervene claim that occurred in April of 2024. (Doc. 33 at 5-6). Because Plaintiff's motion for a preliminary injunction is not based on matters set forth in his complaint, it lacks merit. *See Daker v. Ward*, 2023 WL 3205329, at *4 (M.D. Ga. May 2, 2023) ("The relief Plaintiff seeks is . . . not of the same character and does not deal with conduct closely related to the conduct complained of in Plaintiff's Recast Complaint. Plaintiff's requested preliminary injunctive relief is therefore improper.").

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's request for a preliminary injunction (Doc. 142) be **DENIED**.

At Pensacola, Florida this 24th day of September 2026.

/s/ Zachary C. Bolitho
Zachary C. Bolitho
United States Magistrate Judge

**Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.